**MILLSTONE PETERSON & WATTS, LLP**
Glenn W. Peterson, Esq. (SBN 126173)
Stephen R. Hamilton, Esq. (SBN 243787)
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
Telephone: (916) 780-8222; Fax No: (916) 780-8775
*Attorneys for Plaintiff/Cross-Defendant/Counter-Defendant
Welenco, Inc. and Plaintiff Water Well Technology, Inc.*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELENCO, INC., a California Corporation and WATER WELL TECHNOLOGY, INC., a California Corporation, <br><br> Plaintiff, <br> vs. <br><br> GARY W. CORBELL, individually and as Trustee of THE GARY AND CONSTANCE CORBELL TRUST U/T/D AUGUST 31, 1998; CRAIG G. CORBELL; MARK SHARLPESS; BOREDATA INCORPORATED, a California Corporation, and DOES 1 through 25, inclusively, <br><br> Defendants. | Case No. 2:13-cv-00287-KJM-CKD <br><br> **STIPULATED PROTECTIVE ORDER AND ORDER THEREON** <br><br>―――――――――――――――― <br><br> Complaint Filed: February 14, 2013 <br> Trial Date: 06/01/2015 <br> Hon. Kimberly J. Mueller |
| MARK SHARPLESS, an individual, <br><br> Counter-Complainant, <br> vs. <br><br> WELENCO, INC., a California Corporation. <br><br> Counter-Defendants. | |
| CRAIG G. CORBELL, an individual, <br><br> Cross-Complainant, <br> vs. <br><br> WELENCO, INC., a California Corporation, and DOES 1 through 50, inclusively, <br><br> Cross-Defendants. | |

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. To permit the parties to produce such sensitive information while safeguarding its confidentiality, the undersigned parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order, which shall apply to, and govern, all documents, things, discovery responses, and testimony designated by the disclosing party(ies) in good faith as constituting or containing Confidential or Highly Confidential Information or Items under the Protective Order.

2. <u>DEFINITIONS</u>

2.1  <u>Party</u>:  All parties to this action and anyone else acting upon their behalf or at their direction or control, including, but not limited to, their officers, directors, employees, consultants, retained experts, as well as House Counsel and their support staff.

2.2  <u>Discovery Material</u>:  All items or information, regardless of the medium or manner generated, stored, or maintained (including, but not limited to, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery.

2.3  <u>"Confidential" Information or Items</u>:  All information (regardless of how generated, stored or maintained) and/or tangible things that qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c).

2.4  <u>"Highly Confidential" Information or Items</u>:  All extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of cognizable harm or potential harm that cannot be avoided by less restrictive means.

2.5  <u>Receiving Party</u>:  a Party that receives or desires to receive Discovery Material from a Producing Party.

2.6  <u>Producing Party</u>:  a Party or non-party that produces or is required to produce Discovery Material in this action.

2.7     Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential."

2.8     Protected Material:  any Discovery Material that is designated as "Confidential" or as "Highly Confidential."

2.9     Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10    House Counsel:  attorneys who are employees of a Party.

2.11    Counsel (without qualifier):  Outside Counsel and their support staffs.

2.12    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    DESIGNATING PROTECTED MATERIAL

4.1     Exercise of Restraint and Care in Designating Material for Protection.

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify— so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the ease of the discovery process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions. No party will indiscriminately or unreasonably stamp or maintain documents as Confidential or Highly Confidential, and in no event will publicly available documents such as publications, patents, or file histories be stamped Confidential or Highly Confidential.

This Protective Order shall not apply to information which (a) is public knowledge, (b) is acquired in good faith and without subpoena from a third party having a right to disclose such information, (c) was or is discovered independently by the receiving party, or (d) is possessed by the receiving party prior to this action, unless that information was obtained under circumstances requiring the receiving party to treat it as confidential.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

4.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

4

        (a)    <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the top or bottom of each page that contains protected material.

    A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL") at the top or bottom of each page that contains Protected Material.

        (b)    <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"). Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.

    Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>For information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential." In the event document or information are produced in an electronic form, the Producing Party may affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the top or bottom of each page electronically, or, if that method is impractical or unreasonable under the circumstances, to the disk, drive, or other medium on which the electronic documents or information are stored.

4.3 <u>Inadvertent Failures to Designate</u>. Inadvertent failure of counsel to designate or mark any document, thing, or testimony as Confidential or Highly Confidential Information as provided above shall not preclude the disclosing party from thereafter in good faith making such a designation and requesting the receiving party to so mark and treat such documents and things so designated. The receiving party, however, shall incur no liability for disclosures made prior to notice of such designations.

5. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

5.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring in writing with counsel for the Designating Party. In conferring, the challenging Party

must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    5.3 <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

    6.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Notwithstanding any other provision of this Order, no Highly Confidential Information of the other party shall be brought onto or maintained on any premises owned or leased by, or otherwise under the control of the receiving party, whether such Highly Confidential Information is intangible,

7

magnetic, electronic, or other machine-readable form.

6.2  Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) The officers, directors, House Counsel, and no more than three (3) non-officer employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) The Court and its personnel;

(e) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information.

6.3  Disclosure of "HIGHLY CONFIDENTIAL Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) The Court and its personnel;

(d) Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

(e) The author of the document or the original source of the information.

7. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by e-mail, if possible) immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must promptly inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating

Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9. FILING PROTECTED MATERIAL

No information designated Confidential or Highly Confidential, nor any documents disclosing, reproducing, or paraphrasing, in whole or part, Confidential or Highly Confidential Information may be filed or submitted to the Court unless the submission complies with the procedures set forth in Local Rule 141for filing documents under seal.

10. TRIAL

If a Receiving Party wishes to use or disclose Protected Material of the Producing Party, as evidence at trial without the restrictions set forth in Sections 6 and 9 of this order, the Receiving Party shall seek to challenge the confidentiality designation pursuant to Section 5 of this order. Nothing in this order shall be construed to prohibit any Party from seeking further relief from the Court regarding the communication, use or disclosure of Protected Material during courtroom proceedings.

11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

      12.    <u>MISCELLANEOUS</u>

          12.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

          12.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  July 9, 2014                      **MILLSTONE, PETERSON & WATTS, LLP**

                                        By:   /s/ *GLENN W. PETERSON*
                                              GLENN W. PETERSON
                                              Attorneys for Plaintiffs
                                              Welenco, Inc. and Water Well Technology, Inc.
                                              (As Authorized July 9, 2014)

| | | |
|---|---|---|
| 1 | DATED:  July 9, 2014 | **THE LAW OFFICE OF FRANK J. CRUM** |
| 2 | | By:   */s/ FRANK J. CRUM*          |
| 3 | |       FRANK J. CRUM |
| 4 | |       Attorney for Defendant/ Counter Complainant Mark Sharpless |
| 5 | |       (As Authorized July 16, 2014) |

DATED:  July 9, 2014            **LAW OFFICE OF RICHARD L. ANTOGNINI**

By:   /s/ RICHARD ANTOGNINI          
      RICHARD L. ANTOGNINI
      Co-Counsel for Defendant/ Counter Complainant Mark Sharpless
      (As Authorized July 16, 2014)

DATED:  July 9, 2014            **MCCARTNEY & ASSOCIATES**

By:   /s/ N. THOMAS MCCARTNEY          
      N. THOMAS MCCARTNEY
      Attorneys for Defendant/Cross-Complainant Craig Corbell and Boredata, Inc.
      (As Authorized September 5, 2014)

DATED:  July 9, 2014            **CLIFFORD & BROWN**

By:   /s/ T. MARK SMITH          
      T. MARK SMITH
      Attorneys for Defendant Gary W. Corbell
      (As Authorized September 5, 2014)

**The court declines to enter a separate order as to each individual who signs a confidentiality order.  IT IS SO ORDERED.**

Dated:  September 12, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER AND ORDER THEREON
CASE NO. 2:13-CV-00287-KJM-CKD

**Exhibit A**

**Confidentiality Undertaking**

1. I have read and understand the attached Agreed Protective Order concerning confidential information that has been entered in <u>Welenco, Inc. v. Gary W. Corbell, et al.</u>, Case No. 2:13-CV-0287-KJM-CKD in the U.S. District Court for the Eastern District of California in Sacramento.

2. I understand that I may be given access to Confidential or Highly Confidential Information, and in consideration of that access, I agree that I shall be bound by all the terms of the Protective Order.

3. I understand that I am to retain all originals and copies of the Confidential or Highly Confidential Information in a secure manner and that all copies will be destroyed or returned to the counsel who provided me with it within 60 days after termination of this action.

4. I understand that I will not disclose or discuss Confidential or Highly Confidential Information with any persons other than counsel for any party and paralegal and clerical personnel assisting such counsel and other persons who have signed a Confidentiality undertakings.

5. I understand that all Confidential or Highly Confidential Information shall be used solely for the purposes of this action and shall not, directly or indirectly, be used for any other purpose and that any use of Confidential or Highly Confidential Information, or any information obtained therefrom, in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of the Court.

Date:_____   Signature:_____

Position:_____   Name (print):_____

Firm Address:_____

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:

_____