UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELENCO, INC., et al., | No. 2:13-cv-0287 KJM CKD PS |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GARY CORBELL, et al., | |
| Defendants. | |

Defendants' motion for sanctions and joinder therein came on regularly for hearing on March 11, 2015. Thomas Cregger appeared for plaintiffs. Richard Zimmer and Joseph Warner appeared telephonically for defendant Gary Corbell. Thomas McCartney appeared for defendants Craig Corbell and Boredata, Inc. Upon review of the documents in support and opposition, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

In this action, plaintiff alleges claims for computer fraud, copyright infringement, misappropriation of trade secrets, breach of an employment agreement, and breach of a stock purchase agreement. Plaintiff Water Well Technology, Inc. acquired the stock of plaintiff Welenco, Inc. from defendant Gary Corbell in 2007. Following the sale, defendant Craig

/////

/////

1

Corbell[1] continued working for Welenco.  In 2012, defendant Craig Corbell left that employment and started defendant Boredata, Inc.  The gravamen of the complaint is that Craig Corbell unfairly competed with Welenco and that Gary Corbell was involved in the wrongful conduct.[2]

By order dated February 6, 2015 (ECF No. 99), this court granted defendants' motions to compel and ordered plaintiffs to produce responsive documents and to provide complete responses to interrogatories no later than February 13, 2015.[3]  Plaintiffs were cautioned in that order that failure to comply might result in the imposition of sanctions, including monetary sanctions and/or a recommendation that terminating sanctions issue.  Plaintiffs failed to comply with the court's order by the designated date.  Defendants thereafter filed the pending motion for sanctions.  Defendants seek dismissal of the action for plaintiffs' failure to comply with the court's discovery order.

In opposition to the motion, plaintiffs submit the declarations of Daniel Guardino, an associate of the plaintiff corporations, and Robert Guardino, President and CEO of the plaintiff corporations.  Plaintiffs contend they did not understand that terminating sanctions would issue if they did not comply with the court's order, yet they concede they were sent an email from their counsel on February 6, 2015 advising them that further discovery responses were due the next week and that the email from their counsel attached a copy of the order.  The lacunae in the opposition affidavits are as vast and deep as the craters of the moon.  The affidavits are notable for not what they aver but for what they do not, and are disingenuous at best.  For instance, the declaration of Robert Guardino states that he sent documents to his attorney, Glenn Peterson, prior to January 21, 2015 but neither states when the documents were sent, nor provides a

---

[1] Craig Corbell is Gary Corbell's son.

[2] A motion to dismiss has been granted in the instant action dismissing the breach of contract and declaratory relief causes of action.  Parallel to this litigation have been state court proceedings wherein Gary Corbell sued to collect the amount owed on the promissory note.  Trial began in that action in December 2014.  Judgment was entered in the state court action in the amount of $444,202.15 in favor of Gary Corbell.

[3] Under the amended scheduling order, February 13, 2015 was the last day to complete discovery.  ECF No. 83.

description of the documents.  The affidavits also appear to be in direct contradiction to the affidavit of their prior counsel, who on the motion to withdraw as counsel, described the total lack of cooperation by his clients regarding producing documents essential to prosecution of their claims.  Declaration of Glenn Peterson, ECF No. 102-2 at 4:1-3 ("[p]laintiff's repeated failures to make discovery in this case has severely undermined the tenability of all claims alleged in the operative complaint"); 4:7-10 (as of February 18, 2015, plaintiff's counsel had "yet to receive any information with which to supplement Plaintiff's discovery responses as ordered.  This is despite the fact that Plaintiffs apparently have the assistance of a paralegal in Southern California, who has been involved during the past 3 weeks."); 6:9-11 ("Plaintiffs are either unwilling or unable to cooperate with [counsel] and meet the minimum requirements of a plaintiff in a civil case, such as making appropriate discovery . . .").

Document requests were served by defendant Craig Corbell on September 18, 2014.  Document requests were served by defendant Boredata on November 14, 2014.  Further document requests were served on January 9 and February 9, 2015.  Despite responses to defendants' requests for production of documents which stated that responsive documents would be produced, the only documents which have thus far been produced by plaintiffs consist of documents attached to the first amended complaint as exhibits, documents uploaded by defendant Craig Corbell to DropBox (a matter not in dispute) and copies of the original Rule 26 disclosures.  To date, and even in the face of the motion for terminating sanctions, no further documents have been produced.  Moreover, plaintiffs unilaterally cancelled the depositions of key witnesses to their claims (including witnesses who were designated to testify on behalf of the plaintiff corporations);[4] only the deposition of Robert Guardino was partially completed.

In light of the history of this litigation as set forth above, it is readily apparent that plaintiffs have thwarted discovery at every turn.  There is no dispute that plaintiffs have failed to comply with the court's order requiring plaintiffs to produce responsive documents and provide

/////

---

[4] The witnesses were John Duffield, Daniel Guardino, Tyler McMillan, and persons designated to testify on behalf of the corporate plaintiffs Welenco and Water Well.

complete responses to the interrogatories. The court turns, therefore, to the issue of the appropriate sanction.

Defendants seek the drastic sanction of dismissal. Terminating sanctions may issue only upon a finding of willful disobedience or bad faith. In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996). Given the utter lack of response to discovery requests even in the face of the pending motion and the declaration of plaintiff's former counsel submitted in connection with the motion to withdraw as counsel, the court finds unpersuasive the anemic declarations submitted by plaintiffs in opposition to the motion for sanctions. The court finds that plaintiffs willfully disobeyed the court's order. However, such a finding does not end the analysis. In determining whether terminating sanctions are appropriate, the court must consider five factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the party seeking sanctions, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. See Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007); see also Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1056-1057 (9th Cir. 1998).

This case was filed February 14, 2013 and has been pending for over two years. The first factor therefore supports defendants' position. Because plaintiffs have failed to produce any discovery or produce key witnesses for deposition, defendants have been severely hampered in properly litigating this case and have been prejudiced thereby; thus the third factor also favors defendants. The second factor ties in with the third: to avoid prejudice to defendants, discovery would have to be reopened and the scheduling order modified. But extension of the discovery cut-off would also prejudice defendants because they would incur additional costs litigating a matter which for over two years has failed to produce any evidence in support of plaintiff's claims. On balance, the second factor weighs in favor of defendants. However, the fourth factor weighs against the imposition of terminating sanctions because there is a potentially dispositive motion for summary judgment noticed for hearing on March 27, 2015, which will adjudicate the matter on the merits. With respect to the fifth factor, the court finds that imposition of monetary sanctions would be of little avail. Plaintiffs already have a judgment against them in favor of

defendants in the amount of several hundreds of thousands of dollars and plaintiffs have a dismal history of meeting their financial obligations with respect to their attorneys and accountant. A sanction less drastic than dismissal, however, appears to be readily available and which mirrors plaintiffs' culpable conduct.

Having failed to comply with the court's order to produce responsive documents and provide complete responses to the interrogatories, plaintiffs should be precluded from introducing documentary evidence not previously provided to defendants and precluding testimonial evidence from any witness whose deposition was properly noticed by defendants but unilaterally cancelled by plaintiffs.[5] See Fed. R. Civ. P. 37(b)(2)(A)(ii). Whether terminating sanctions should issue in this matter is, in this court's view, a very close question. Given, however, the imminency of the motion for summary judgment, which will decide the case on the merits, and the availability of a less drastic sanction, the court finds that balance of the five factors set forth above can be suitably struck by imposing evidentiary sanctions against plaintiffs. The court therefore declines to recommend terminating sanctions against plaintiffs[6] but will recommend the issuance of evidentiary sanctions as set forth below.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for sanctions and joinder therein (ECF Nos. 100, 101) be granted in part; and

2. Evidentiary sanctions be imposed on plaintiffs precluding plaintiffs from introducing into evidence, in opposition to the motion for summary judgment or at trial, any documents that were not produced by plaintiffs prior to February 14, 2015 and any testimonial evidence from

---

[5] The witnesses whose depositions were unilaterally cancelled by plaintiffs were John Duffield, Daniel Guardino, Tyler McMillan, and persons designated to testify on behalf of the corporate plaintiffs Welenco and Water Well.

[6] At the hearing, defense counsel urged the court to forthwith grant the motion for terminating sanctions so that defendants would not be forced to incur further costs in litigating the motion for summary judgment. Because this court must proceed by findings and recommendations on a dispositive motion under 28 U.S.C. § 636(b) and a fourteen day objection period is allowed under the statute, the motion for summary judgment calendared for hearing on March 27, 2015 will have been fully briefed by the expiration of the objection period. Thus, even if this court recommended terminating sanctions, no cost savings would accrue to defendants.

1 witnesses John Duffield, Daniel Guardino, Tyler McMillan, or any person designated to testify on
2 behalf of the corporate plaintiffs Welenco and Water Well.
3   These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
5 after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
8 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
9 Ylst, 951 F.2d 1153 (9th Cir. 1991).
10 Dated:  March 12, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14 4 welenco.sanc.57

6